UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KRIS SEALS,

                    Plaintiff,                             Case No. 14-cv-13423

v.                                              Honorable Thomas L. Ludington

LIBERTY LIFE ASSURANCE COMPANY OF
BOSTON,

                    Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, GRANTING DEFENDANT'S MOTION TO AFFIRM,
DENYING PLAINTIFF'S MOTION TO REVERSE, AFFIRMING DECISION OF THE
PLAN ADMINISTRATOR, AND DISMISSING COMPLAINT WITH PREJUDICE**

Plaintiff Kris Seals appealed the decision of Liberty Life Assurance Company of

Boston's ("Liberty" or "Plan") Plan Administrator that he was not disabled under the terms of a

long term disability plan set up by Seals's employer and in which he participated. Pl.'s Compl.,

ECF No. 1. Seals and Liberty filed cross motions seeking to overturn and affirm, respectively,

the decision of the Plan Administrator. *See* Def.'s Mot. Affirm, ECF No. 12; Pl.'s Mot. Overturn,

ECF No. 13. Those motions were referred to Magistrate Judge Patricia T. Morris for report and

recommendation. Judge Morris issued a Report on April 29, 2015 recommending that the Plan's

motion be granted and Seals's motion denied because Seals is not disabled under the terms of the

Long Term Disability Plan. *See* Rep. & Rec., ECF No. 20. Seals timely objected to the Report

and argued that Judge Morris erred by not properly weighing the evidence in the record, which

supports a finding of disability. Those objections are now under consideration. Since they are

without merit, they will be denied and the Report will be adopted in full.

**I.**

Judge Morris prepared a comprehensive and thorough report in this case spanning over sixty pages. As part of that Report she included a recitation of relevant facts that covered twenty-five pages. Neither party objects to Judge Morris's communication of the facts and no recitation of facts would be useful here in light of their thorough presentation in the Report. The facts as conveyed in the Report have been reviewed de novo and are adopted in their entirety here as the Court's findings of fact.

**II.**

**A.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

**B.**

Both parties agree that the proper standard of review to be employed by the Court is the de novo standard. The de novo standard is appropriate "unless the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 613 (6th Cir. 1998). Neither party claims that the plan administrator has such authority here. Thus, the Court's role "is to determine whether the administrator or fiduciary made a correct decision[.]" *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990).

### III.

Seals makes two objections to Judge Morris's Report. First, he argues that the Report does not properly weigh the medical evidence of his disability and arrives at a conclusion contrary to the evidence in the record in determining that he is not disabled under the terms of the Plan. Second, Seals argues that while Judge Morris was under no obligation to give greater weight to his treating physicians' opinions, under the circumstances of his illness and its need for continued observation, his treating physicians' opinions should have been given greater weight. The Plan filed a response contesting both objections.

### A.

Seals first objection claims that the Report improperly weighs the conflicting evidence of disability in the record. Ostensibly, Seals takes issue with Judge Morris's construction of the term "proof" in the plan's language. Judge Morris construed proof to require some measure of objective proof produced by the claimant to show that he is disabled. Seals argued, and continues to argue in his objections, that the language of the plan does not require objective evidence. To Seals, the search by the Report for objective evidence of disability imposed a "heightened

standard [of demonstrating disability] . . . [that] is impossible to be satisfied with the type of psychiatric injuries suffered by" him. Pl.'s Objs. 4, ECF No. 21.

But Seals must be held, in the plan's requirement for "proof," to a standard that requires something more than his bare assertion that he is disabled. In fact, Seals concedes as much in his objections when he states that "[p]sychological diagnosis [sic] are obtained through ongoing observations and treating the patient for an extended period of time." Id. at 4. This statement by Seals admits that something more than his own subjective belief of disability must be offered to meet his burden under the plan. And the Report concludes that Seals provides such evidence but "stress[es] that this conclusion says nothing of the evidence's ultimate persuasiveness." Rep. & Rec. 34, ECF No. 20.

Thus, Seals's objection is ultimately that the Report improperly weighed the evidence in the record and erroneously concluded that he was disabled. Upon de novo review, Judge Morris did not err. The facts in the record support the conclusion that Seals is not disabled. First, two of Seals's treating physicians had no particular specialty in mental health treatment. Second, Dr. Nahata, one of Seals's treating physicians, changed his disability recommendation over the course of a few months from stating that Seals could return to work to stating that he was disabled. Dr. Nahata did not substantiate why his opinion concerning Seals's disability changed. Judge Morris rightly found, and the Court adopts her conclusion, that Dr. Nahata's opinion on disability loses credibility for that reason. Seals does not explain this discrepancy in his objections.

Third, Seals's other treating physician, Dr. Pruitt, offered an opinion that Seals was disabled based on his mental condition, but offers no information or opinion substantiating those conclusions. Dr. Pruitt, as noted above, does not have any special psychological or psychiatric

- 4 -

knowledge enabling her to opine convincingly on Seals's mental condition. Rather, she referred Seals to a psychiatrist for treatment. Dr. Pruitt's complete reliance on the opinions of Seals's other doctors in reaching her conclusions makes them less credible. Her conclusions are also contradicted by her encouragement to Seals that starting a new career will help with his psychological condition.

Finally, the one treating psychiatrist Seals did visit, to whom he was referred by Dr. Pruitt, reached no firm conclusion concerning Seals's disability. Dr. Ingram, the psychologist, merely stated equivocally that it was unknown whether Seals could or could not return to work but that the decision was ultimately up to Seals. This is not a conclusion of complete disability. The evidence in the record that he is not disabled outweighs the evidence Seals provided that he is. For example, Dr. Shafer, to whom Seals was referred by his treating physician Dr. Nahatu, performed a comprehensive neuropsychological test of Seals. Dr. Shafer concluded that Seals functioned at average or above average levels and was able to return to work. Seals's objection that the evidence in the record was not properly weighed by the Report is without merit.

**B.**

Seals's second objection is, fundamentally, derivative of his overall position that Judge Morris erred in concluding that the Plan Administrator correctly found that he is not disabled. In his second objection, Seals claims that Judge Morris did not give proper weight to the opinions of his treating physicians. He acknowledges that under *Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003), a treating physician's opinion is not accorded any special deference or weight. Seals argues, however, that because of the nature of his mental disability, the Report should have given increased weight to the opinions of his treating physicians, even if it was not required to do so.

But, as explained above, *see supra* § III.A, the opinions of Seals's treating physicians are not worthy of added weight. If anything, they merit comparatively less weight in light of their conclusory nature and the lack of psychological and psychiatric specialization on the part of two of his treating physicians. The two psychiatric and psychological specialists to whom Seals was referred by his treating physicians either reached no conclusive opinion concerning his disability (Dr. Ingram) or concluded that he was able to return to work (Dr. Shafer). Seals's second objection is also without merit.

## C.

Because Seals does not demonstrate any error in the Report's findings or conclusions and because a de novo review of the record reveals that the Plan Administrator and Judge Morris reached the correct decision on Seals's disability, his objections will be overruled. The Plan's motion to affirm the decision of the Plan Administrator will be granted and judgment entered against Seals.

## IV.

Accordingly, it is **ORDERED** that Plaintiff Kris Seals's objections, ECF No. 21, are **OVERRULED**.

It is further **ORDERED** that Judge Morris's Report, ECF No. 20 is **ADOPTED**.

It is further **ORDERED** that Defendant Liberty Life Assurance Company of Boston's motion to affirm the decision of the Plan Administrator, ECF No. 12, is **GRANTED**.

It is further **ORDERED** that Plaintiff Kris Seals's motion to reverse the decision of the Plan Administrator, ECF No. 13, is **DENIED**.

It is further **ORDERED** that the decision of the Plan Administrator is **AFFIRMED**.

It is further **ORDERED** that Plaintiff Kris Seals's Complaint, ECF No. 1, is **DISMISSED with prejudice**.

Dated: February 5, 2016                                      s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 5, 2016.

                                   s/Michael A. Sian
                                   MICHAEL A. SIAN, Case Manager

---